Filed 3/5/25  P. v. Quistian CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINGO QUISTIAN, JR.,<br><br>    Defendant and Appellant. | H051240<br>(Santa Clara County<br>Super. Ct. No. 204405) |

Defendant Domingo Quistian, Jr. was convicted by jury on three counts of willful, deliberate, and premeditated attempted murder including gang and firearm allegations in 1999.  He later petitioned for resentencing under Penal Code section 1172.6 (formerly Pen. Code, § 1170.95; unspecified statutory references are to this Code).  The trial court denied the petition without an evidentiary hearing after concluding defendant was ineligible for relief under that statute as a matter of law.  Defendant argues on appeal that the trial court should have conducted an evidentiary hearing because ambiguities in the jury instructions at defendant's trial allowed the jury to find him guilty of attempted murder with malice imputed based solely on his participation in a crime.  We disagree and will affirm the order denying defendant's petition.

## I.    BACKGROUND

According to this court's unpublished opinion in defendant's direct appeal, defendant was a passenger in a car occupied by three other people.  They drove past three rival gang members and "some sort of interaction occurred between the two groups, such

as staring and making various hand gestures." The occupants of the car picked up another person and returned to the area where they had seen the rival gang members. "Although there is some discrepancy as to the precise sequence of events" after the car returned to the area, at some point the rival gang members threw objects at the car. A man then got out of the car and shot at the rival gang members multiple times with a semiautomatic firearm while they fled, hitting and injuring two of them.

Multiple witnesses identified defendant as the shooter. When an officer at the scene asked one of the victims who had shot him, he named two people: defendant and defendant's cousin. The same victim later told a friend that defendant had shot him. Defendant's cousin was also charged with three counts of attempted murder; only defendant was alleged to have personally used a firearm, inflicted great bodily injury, and acted willfully, deliberately, and with premeditation. Defendant presented an alibi defense at trial, with his mother and sister testifying that he was with them in another city on the day of the shooting.

Relevant to defendant's arguments in this appeal, the jury was instructed as follows: "Persons who are involved in committing or attempting to commit a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation, is equally guilty. Principals include, one, those who actively and directly commit or attempt to commit the act constituting the crime, or, two, those who aid and abet the commission or attempted commission of the crime. [¶] A person aids and abets the commission or attempted commission of the crime when he or she, one, with knowledge of the unlawful purpose of the perpetrator, and, two, with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and, three, by act or advice, aids, promotes, encourages, or instigates the commission of the crime." The jury was not instructed on the natural and probable consequences doctrine.

The jury was instructed on the elements of attempted murder: "In order to prove attempted murder, each of the following elements must be proved: [¶] One, a direct but

ineffectual act was done by one person towards killing another human being; and [¶] Two, the person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." With respect to the allegations that the attempted murders were willful, deliberate, and premeditated, the jury was instructed in relevant part: " 'Willful' means intentional. 'Deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. 'Premeditated' means beforehand. [¶] If you find that the attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon preexisting reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate and premeditated murder." The jury was further instructed: "To constitute willful, deliberate and premeditated attempted murder, the would-be slayer must weigh and consider the question of killing and the reasons for and against such a choice, and having in mind the consequences, decides to kill and makes a direct but ineffectual act to kill another human being."

The jury found defendant guilty as charged and found true all special allegations. Among other things, with respect to all three counts the jury found that defendant acted "willfully, deliberately, and with premeditation" and "intentionally and personally discharged a firearm" (proximately causing great bodily injury to two of the victims). The trial court sentenced defendant to three consecutive life terms for the attempted murders, consecutive to terms for the sentencing enhancements. In defendant's direct appeal, a different panel of this court struck the three two-year gang enhancements, but otherwise affirmed the judgment. (*People v. Quistian* (August 28, 2001, H021327) [nonpub. opn.].)

Representing himself, defendant petitioned for resentencing under section 1172.6 in October 2022. (Although defendant's petition references former section 1170.95, we

3

refer to the current version of the statute for clarity.) The prosecution filed written opposition to the petition and asked the court to take judicial notice of the abstract of judgment, verdict forms, jury instructions, and this court's opinion in defendant's direct appeal. In a written decision, the trial court granted the request for judicial notice and concluded the noticed documents showed defendant was not convicted of attempted murder under the natural and probable consequences doctrine, such that defendant was ineligible for relief under section 1172.6. The court denied the resentencing petition without issuing an order to show cause.

## II. DISCUSSION

A person convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," or "attempted murder under the natural and probable consequences doctrine," may petition under section 1172.6 to have those convictions vacated when certain conditions are satisfied. (§ 1172.6, subd. (a).) An order to show cause must issue if a petitioner makes a prima facie case for relief. (§ 1172.6, subd. (c).) The court must take the petitioner's factual allegations as true and make a preliminary assessment about whether the petitioner would be entitled to relief if his or her factual allegations were proved. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The "parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case" and if the record contains facts refuting the allegations in the petition, the court may deny the petition at the prima facie stage. (*Id*. at p. 972.) We review de novo the trial court's determination of whether the required showing under section 1172.6 has been made. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Defendant analogizes this case to *People v. Langi* (2022) 73 Cal.App.5th 972. Langi was convicted of second degree murder for participating in a fistfight where someone in his group punched the victim who fell and hit his head, resulting in death.

4

(*Id.* at p. 975.)  Langi's jury was not instructed on the natural and probable consequences doctrine, but Langi argued that the pattern aiding and abetting and second degree murder instructions "permitted the jury to find him guilty on a theory under which malice was imputed to him based solely on his participation in the crime." (*Id.* at p. 980.)  The *Langi* court reasoned that the "instructions permitted the jury to find [Langi] guilty of murder if it found that (1) the killing resulted from the actual killer's intentional act; (2) appellant aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'—whether or not *appellant* knew of or consciously disregarded the danger to human life." (*Id.* at p. 981.)  *Langi* noted that "under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—[there], punching [the victim]—whether or not [Langi] intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Id.* at p. 983.)  As a result, section 1172.6 relief was not precluded as a matter of law, and the *Langi* court concluded an order to show cause must issue.

The reasoning of *Langi* does not extend to defendant's *attempted* murder convictions.  By its express terms, section 1172.6, subdivision (a) applies only when an attempted murder conviction is based on a natural and probable consequences theory.  The statute affords relief to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," and to persons convicted of "attempted murder under the natural and probable consequences doctrine" only. (§ 1172.6, subd. (a).)  As defendant acknowledges, the jury here was not specifically instructed on the natural and probable consequences doctrine, and the absence of such an instruction has been found sufficient to foreclose relief under section 1172.6 in attempted murder cases.  (See *People v. Coley* (2022)

5

77 Cal.App.5th 539, 548.) In addition, the jury found the attempted murders were willful, deliberate, and premeditated, which would itself foreclose relief because defendant was found to have acted with express malice. (See *People v. Romero* (2022) 80 Cal.App.5th 145, 153.)

Despite the jury's findings and despite the absence of any instruction on natural and probable consequences, defendant argues the jury nonetheless could have found him guilty of attempted murder under a theory of imputed malice. Defendant's argument, as we understand it, is that the jury could have: (1) incorrectly believed, based on the court's instructions, that an attempted killing committed "under a sudden heat of passion" would always constitute attempted murder rather than attempted voluntary manslaughter; (2) found that there were multiple shooters; (3) found that defendant attempted to kill the victims under a sudden heat of passion while another shooter attempted to kill them with express malice; (4) found defendant guilty of attempted murder (rather than attempted voluntary manslaughter) based on its misunderstanding of faulty attempted murder instructions; and (5) found true the allegations of willful, deliberate, and premeditated attempted murder based on instructions stating that all principals to a crime are "equally guilty," suggesting that only the "would-be slayer" (not any aiders and abettors) needed the requisite deliberation. In his opening brief, defendant describes the theory generally as one by which malice could be imputed to him based solely on his participation in a crime; in his reply brief, acknowledging that the scope of section 1172.6 is more limited as to attempted murder convictions, he characterizes it as a natural and probable consequences theory in all but name.

The Attorney General identifies numerous defects in defendant's argument, including that it attempts to incorporate claims of instructional error unrelated to changes in the law of attempted murder. (In order to state a prima facie case for relief under section 1172.6, subdivision (a)(3), a petitioner must allege that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made

6

effective January 1, 2019.") We agree that defendant's logic rests on several questionable premises. But we need not examine every link in the logical chain: even assuming the described path to guilt was available to the jury, it would not have led to a conviction for attempted murder under the natural and probable consequences doctrine.

The instructions were not ambiguous about the crime defendant was alleged to have aided and abetted, namely attempted murder. At a minimum, the jury necessarily concluded defendant specifically intended to assist the direct perpetrator in attempting to kill the victims while the direct perpetrator harbored an intent to kill. (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 ["when the charged offense and the intended offense—murder or attempted murder—are the same, … the aider and abettor must know and share the murderous intent of the actual perpetrator"].) Therefore, because the record of conviction conclusively establishes that defendant was not convicted of attempted murder based on a natural and probable consequences theory, he is ineligible for resentencing under section 1172.6 as a matter of law. It was proper to deny the petition at the prima facie stage.

### III.    DISPOSITION

The order is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H051240
*The People v. Quistian*